UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN C. BRYAN, | Case No.: 3:23-cv-00186-ART-CSD |
| Plaintiff | **Order** |
| v. | |
| WASHOE TRIBAL COUNCIL, et al., | |
| Defendants | |

Plaintiff is an inmate in the custody of the Federal Correctional Institution in Sheridan, Oregon, and has filed a complaint in the United States District Court against the Washoe Tribal Council and its sub-entities. (ECF No. 1-1.) The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* (IFP). The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities." LSR 1-1. When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-

month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $402, consisting of the $350 filing fee and a $52 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $402 filing fee. If the inmate qualifies for IFP status, the $52 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

Plaintiff's application to proceed IFP was not made on the court's form, and it does not include the required financial affidavit and certified trust fund account statement.

The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an inmate. Plaintiff has **30 days** from the date of this Order to either file his completed IFP application and financial certificate or pay the full $402 filing fee.

Once Plaintiff has filed his completed IFP application and financial certificate or paid the filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

If Plaintiff fails to timely file a completed IFP application and financial certificate or pay the filing fee, this court will recommend dismissal of this action without prejudice.

**IT IS SO ORDERED**.

Dated: August 7, 2023

_____
Craig S. Denney
United States Magistrate Judge