UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN C. BRYAN,<br><br>     Petitioner,<br> v.<br>WASHOE TRIBAL COUNCIL, *et al.*,<br><br>     Respondents. | Case No. 3:23-cv-00186-ART-CSD<br><br>ORDER |

  Steven C. Bryan has filed three applications to proceed *in forma pauperis* with his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and under the habeas provision of the Indian Civil Rights Act. (ECF Nos. 1, 5, 11.) However, he has also paid the filing fee (*see* ECF No. 10), so the applications are denied as moot. Bryan states that he was convicted of voluntary manslaughter and is incarcerated at Sheridan Federal Correctional Institution in Sheridan, Oregon. (ECF No. 6 at 2; *see* case no. 3:19-cr-060-MMD.) He alleges that he is an enrolled member of the Washoe Tribe of Nevada and California, and the Washoe Tribal Council has "declared" to banish him and seize his house and land in Carson City, Nevada. (ECF No. 6 at 2.) Having screened the petition under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254,[1] the Court concludes that the petition contains factual allegations that demonstrate the possibility of constitutional violation.[2] However, the petition

---

[1] The Court exercises its discretion to apply the rules governing § 2254 petitions to this § 2241 action. (Rule 1(b) of the Rules Governing Section 2254.)

[2] Federal courts have exercised jurisdiction to hear certain disputes regarding banishment actions. *See Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d

1

will not be served pending a determination whether Bryan can show cause why the petition should not be dismissed as unexhausted and premature.

With his petition, Bryan challenges his banishment or potential banishment from the Washoe Tribe of Nevada and California. (ECF No. 14 at 2.)[3] He seeks federal habeas review of the Washoe Tribal Court allegedly denying him equal protection and due process. He asks for a stay "on the issues of banishment and seizure of his house and land." (*Id.*) Bryan indicates that he has filed motions addressing banishment and for a stay of proceedings in Washoe Tribal Court, but the court has not acted on the motions.

Generally, this Court is not permitted to adjudicate a federal habeas petition containing unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 274–75 (2005). It is unclear what if any proceedings have been initiated or may be ongoing in Washoe Tribal Court and what effect those proceedings may have on this federal petition. This Court is not inclined to have this case sit on its docket indefinitely if Bryan may obtain relief in tribal court in the meantime, which would make his federal petition moot.

Because of the uncertainty, the Court will give Bryan an opportunity to show cause why this case should not be dismissed as unexhausted and premature. Bryan should in particular explain what is transpiring or has transpired in Washoe Tribal Court relating to his banishment. He must set forth with specifics any motions, orders, relevant decisions, etc.

Finally, Bryan filed a motion for documents. (ECF No. 3.) He asks for forms for filing for *in forma pauperis* status, which he no longer needs as he

---

874 (2d Cir. 1996); *Sweet v. Hinzman*, 634 F.Supp.2d 1196, 1198 (W.D. Wash. 2008).

[3] Bryan has filed what he styled as a complaint, ECF No. 1-1 as well as duplicate copies of what he has styled as a habeas petition (ECF Nos. 7, 14.) The Court will treat the operative petition as being comprised of ECF Nos. 1-1 and 7.

2

paid the filing fee. He also asks for a form for a motion for appointment of counsel. The Court does not have a specific form, and it does not appear that Bryan needs an additional form, because he has filed 3 motions for appointment of counsel in this case. (ECF Nos. 4, 7, 12.) The Court will consider the issue of appointment of counsel after Bryan responds to this order. He also asks for a copy of the Local Rules, which the Clerk will be directed to send.

It is therefore ordered that Petitioner's 3 applications to proceed *in forma pauperis* **(ECF Nos. 1, 5, 11) are all denied as moot**.

It is further ordered that the Petitioner's **motion for documents (ECF No. 3) is granted in part**. The Clerk of Court is directed to **send** to Petitioner a copy of the Local Rules for Civil Practice and the Local Rules for Special Proceedings and Appeals.

It is further ordered that Petitioner has **45 days** from the date that this order is entered to show cause why his petition should not be dismissed without prejudice as unexhausted and premature. Failure to respond within the time allowed or show good cause for an extension will result in dismissal without further notice.

It is further ordered that all assertions of fact made by Bryan in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. Bryan should attach copies of all materials upon which he bases his argument that his petition should not be dismissed as unexhausted and premature.

DATED THIS 25th day of September 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3